# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD W. BLAKE, | Case No. 1:13-cv-00081-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| NELSON CASTRO, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

## I. Screening Requirement and Standard

Plaintiff Harold W. Blake, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 16, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

## II.   Discussion

Plaintiff brings this action against Deputy Public Defender Nelson Castro and Public Defender Earl Hinman for legal malpractice, which he alleges resulted in his criminal conviction in 2012.  Plaintiff is seeking damages for emotional injury and the loss of his property.

Under certain limited circumstances, California law recognizes a cause of action for legal malpractice against a public defender.  *Salisbury v. County of Orange*, 131 Cal.App.4th 756, 762-63, 31 Cal.Rptr.3d 831, 835 (Cal. Ct. App. 2005).  However, Plaintiff filed suit in federal court and the Court lacks subject matter jurisdiction over his state law claim.  28 U.S.C. §§ 1331, 1332; *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673(1994).  In the absence of subject matter jurisdiction, the Court is required to dismiss Plaintiff's case.  *E.g., Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013) (citing *Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) and *Orff v. U.S.*, 358 F.3d 1137, 1149 (9th Cir. 2004)).

## III.   Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS dismissal of this action for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 9, 2013**              /s/ Sheila K. Oberto
                               UNITED STATES MAGISTRATE JUDGE